## WELCH v. BOARD OF EDUCATION OF MAGOFFIN COUNTY.

Court of Appeals of Kentucky.

March 28, 1952.

A. G. T. Dorton, Paintsville, for appellant.

Earl R. Cooper, Salyersville, for appellee.

MORRIS, Commissioner.

Appellant, plaintiff below, sought to recover of appellee for balance due on a contract, and damages for its alleged breach. The trial court denied relief and this appeal followed. In his petition appellant alleged that he accepted employment under the following contract or board order: "Order No. 42

9–3–49

Upon recommendation of Superintendent Marshall * * * (the board) unanimously voted to employ L. V. Welch as principal of Salyersville High School from present date to June 30, 1950, at an annual salary of $3,200 paid in monthly installments."

He then pleads "the above order meant that he would be paid the sum of $3,200 * * * for the actual term of nine months * * * ; that when he received his first check for $266.66 he verily believed he would receive eleven more checks of like amount," but that he had received only a total of $2,666.66, leaving a balance due of $533.34.

He then pleads that Order No. 42 became a continuing contract for the ensuing school year, KRS 161.750, because he was not notified that he would not be re-employed as principal, on or before March 31, 1950; that the board employed another principal, without notice to him until May 8, 1950. These facts he pleads as being a breach of his "renewal contract," for which he asked damages in the sum of $266.66, one month's pay. It appears in proof that he accepted a position as principal in another school in August, 1950. His other item of alleged damages was $227.15, the cost of removal from Salyersville to Liberty, Kentucky.

Appellee's answer admitted and plead Order No. 42, payments as alleged in the petition and employment of another principal, but denied all other allegations. Affirmatively it plead that appellant had accepted employment under the terms of the order and had been fully paid in accord with its terms. A reply in general denial completed issues.

By agreement the case was submitted to the trial judge on the pleadings and proof. In his opinion the court said that appellant failed to establish legal or equitable right to recover. The court suggested that the contract was somewhat ambiguous and applied the rule that the court should follow the construction placed upon the contract by the parties. He pointed out the fact that plaintiff had accepted the monthly installment from the date of employment until expiration of the contract without objection or complaint to the proper authority, the board.

The court does not mention either of the two items of alleged damages, and we find it unnecessary to say more than that appellant frankly conceded that he was not eligible for what is called a "continuing contract" as defined in KRS 161.740. However, he insists that he was entitled to a contract for the ensuing school year, because he was not notified of the fact that he would not be re-employed as principal for the next year, on or before March 1, 1950. The record shows that appellant admitted that the board through the super-

intendent, had agreed to keep him on as a teacher of higher mathematics for the ensuing year but he declined and sought, and in August, obtained employment elsewhere. That eliminates this and the other item of damages. The board had the right to transfer appellant from one position to another. KRS 160.380, 160.760; Board of Education of Bath County v. Hogge, Ky., 239 S.W.2d 459.

The testimony adduced throws little light on the remaining question, that is as to the balance alleged to be due on salary. Appellant testified that he and Marshall met August 25 and discussed probable employment. Appellant said Marshall wanted him to "come down for $3,000 a year." Appellant suggested $3,200 and this amount was agreed upon. Nothing was said about school year or calendar year. He said (as he had plead) that "there was no doubt in my mind that $3,200 meant for nine months" service.

When appellant received his first check ($266.66), he suggested that "there is a mistake." The secretary was called in and after making some calculations she said, "No, that figures up just about right. They pay the principals, the secretaries and janitors here on a twelve month basis." Just what was meant by these words, appellant did not undertake to ascertain from Marshall or the proper authority, the board. He did take the matter up with Marshall after notice of employment of another principal, and was informed that the board could not legally pay any more.

Marshall agrees as to the conversation with appellant. He also agreed that certain employees, including principals, were employed on a full year basis and rendered service for the full "school" year. However, he says that appellant was not employed for a full school year, but for the period set out in the order, which is controlling as to period of employment, and appellant admits that he did not see Order No. 42 until the last of June.

The claim of ambiguity in Order No. 42 arises from the use of the words "at an annual salary." Appellant in brief contends that since the order is ambiguous, the court

should have applied the rule that when there is ambiguity the contract must be construed most strongly against the party preparing the contract and cites numerous opinions of this court upholding and applying the unquestionable rule, each case turning on the use of some word or phrase subject to differing constructions. However we find little or no ground for application of the rule here.

There is, of course, no doubt that the period of employment as set out in the "order" or contract is specific. Any doubt as to the meaning of the word "annual," is created only by what appellant thought it should have meant. Counsel says in brief, "Appellant alleges that it means, and the proof confirms his allegations, that the contract meant that he was to receive $3,200 annually, on the basis of a year of nine months." On this the proof was conflicting, and we must give due consideration to the measurement of the proof by the trial court.

We find no difficulty in concluding that the order is not ambiguous, when we give the words used their common and accepted meaning. The word "annual" is one of common and ordinary usage; it means "yearly," "reckoned by the term of a year." Webster's International Dictionary. Giving it an ordinary meaning as used in the order, in connection with other words, it meant that appellant was employed from September 3, 1949 until June 30, 1950, ten months, at a "yearly" salary of $3,200. Appellant was fully paid for the period embraced in the contract. We find no ground or reason for disturbing the judgment of the trial court, hence it must be and is affirmed.