598 CASES, EACH CONTAINING 24 CANS, MORE OR LESS OF TOMATOES

v.

UNITED STATES.

No. 10960.

United States Court of Appeals Seventh Circuit.

March 12, 1954.

Rehearing Denied April 9, 1954.

Eugene M. Fife, Jr., Indianapolis, Ind., William K. Bachelder, Chicago, Ill., for appellant.

Joseph H. Lesh, U. S. Atty., Phil M. McNagny, Jr., Asst. U. S. Atty., Fort Wayne, Ind., Warren Olney, III, Asst. Atty. Gen., Leonard D. Hardy, Department of Health, Education and Welfare, Washington, D. C., for appellee.

Before DUFFY, LINDLEY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This action is based upon a libel *in rem* filed by the plaintiff to condemn canned tomatoes produced by the claimant, Virgil Etchison, for alleged violation of the United States Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. From a summary judgment for plaintiff, claimant appeals to this court.

The libel, filed June 10, 1952, as amended, alleges that the canned tomatoes were shipped in interstate commerce from New Palestine, Indiana, on or about November 19, 1951; that said article of food was adulterated in interstate commerce, within the meaning of said act, 21 U.S.C. 342(a)(3), 21 U.S.C.A. § 342(a)(3), in that it consisted wholly or in part of a filthy substance by reason of the presence therein of fly eggs and maggots and of decomposed tomato material and within the meaning of 21 U.S.C. 342(a)(4), 21 U.S.C.A. § 342(a)(4), in that it was prepared under insanitary conditions whereby it may have become contaminated with filth. The libel asks for a decree of condemnation.

Plaintiff's *motion for summary judgment* alleges that all questions herein were adjudicated in favor of libelant and

against claimant in civil action No. 2929 in the United States District Court for the Southern District of Indiana, Indianapolis Division; that the charges of adulteration made in the instant case are the same as those alleged and tried in case No. 2929; that, in response to requests for admission filed herein, the claimant has admitted that the canned tomatoes involved in this case were processed at the New Palestine plant during the 1951 canning season; that the canned tomatoes involved in this case bear the same code numbers as did the canned tomatoes found to be adulterated by the court in No. 2929; that the judgment in No. 2929 was entered after a full trial on the merits and constitutes an estoppel by judgment against the claimant as to the issue of adulteration of the tomatoes under seizure in the instant case.

The motion was supported by certified copies of the pleadings, findings of fact, conclusions of law, and memorandum judgment of the court in No. 2929 and the affidavit of the chief of the Cincinnati district of the Food and Drug Administration.

Among the findings of fact in No. 2929 were the following: the unsorted stock of tomatoes used by claimant in his 1951 canning operations contained large numbers of decomposed and partly decomposed tomatoes and was infested with flies, fly eggs and larvae; claimant, by failing to take proper sanitary precautions, etc., permitted the plant to become infested with scavenger flies; the operations in the plant in 1951 were not adequate to remove all eggs and larvae from the tomatoes, and much decomposed tomato material went into the tomato juice; representative samples were taken by the government from the stock of canned tomatoes and tomato juice packed by claimant in 1951, examinations of which disclosed they contained fly eggs and larvae and mold.

From the foregoing facts, the court concluded that a permanent injunction should be granted restraining the claimant from introducing into interstate commerce canned tomato products "heretofore packed" at the New Palestine plant "which are adulterated", within the meaning of said act. An order for a permanent injunction was entered accordingly.

Claimant's answer to the motion for summary judgment alleges that there is one issue only raised by said motion, to wit: whether the injunction in No. 2929 directly adjudicated the question at issue here. The answer contends that the goods in issue here were shipped before the injunction proceedings started and, therefore, they were not a party to that case; that the fact that the code numbers on the cans remained the same does not indicate that the goods involved here were a part of the same goods involved in No. 2929, because the code numbers were not changed from day to day and there is no evidence that the goods were packed at the same time as the goods involved in the injunction. Furthermore, the answer asks the court to take judicial notice that packing conditions change from time to time during the canning season and the conditions shown at one time may not be the same as the conditions at another time when the goods in this case were packed.

With said answer is the affidavit of claimant alleging that the code numbers do not represent the pack of any particular day during the canning season and that the code number was not changed from day to day but was continued for many days' pack; that during the canning season beginning in August and ending in October packing conditions changed from day to day both by weather changes and also the rate at which the tomatoes ripened and that as a result the factory condition on any particular day does not indicate the same condition existed at other times; that the goods seized in this case were shipped before case No. 2929 was filed and that their condition does not necessarily correspond with the condition of the goods which were the subject matter of the injunction suit nor does the condition in the factory when the goods

seized were packed correspond to those on the day about which the government inspectors testified in case No. 2929.

In this court the plaintiff contends that the motion for summary judgment and its supporting affidavits and records, together with the claimant's answer, and its supporting affidavit, clearly show that the prior injunction judgment is *res judicata* in this case. Claimant contends that no case for summary judgment has been presented.

Rule 56(a) of the Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A., provides that "A party seeking to recover upon a claim, \* \* \* may, \* \* \* move \* \* \* for a summary judgment in his favor \* \* \*."

Under Rule 56 both parties may file affidavits.

Rule 56(c) provides that "judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Factual issues are not to be tried or resolved by summary judgment procedure. Once it is determined that there exists a genuine and material factual issue, summary judgment may not be granted. In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment. If a conflict appears as to a material fact the summary procedure does not apply unless the evidence on one or the other hand is too incredible to be accepted by reasonable minds or is without legal probative force even if true. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766 at page 772.

From the record before us it is clear that on the motion for summary judgment in this case there is a genuine and material factual issue to be determined. That question is, Were the seized goods adulterated within the meaning of the sections of the Food, Drug and Cosmetic Act relied on by plaintiff, 21 U.S.C. 342(a)(3 and 4), 21 U.S.C.A. § 342(a)(3, 4)? This question was not before the court in case No. 2929 and therefore that court did not and could not have decided it. Hence the trial court was in error in sustaining that motion and entering judgment thereon.

For the reasons hereinbefore indicated, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.