**Peter W. JEUTE, Plaintiff-Appellant,**

v.

**Leonard Pecos JARNOWSKI, Defendant-Appellee.**

No. 16144.

United States Court of Appeals
Seventh Circuit.

March 13, 1968.

George B. Collins, Chicago, Ill., for appellant.

LeRoy E. Stevens, Frederick C. Niemi, Chicago, Ill., for appellee.

Before SCHNACKENBERG, FAIRCHILD and CUMMINGS, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Peter W. Jeute, plaintiff, has appealed from a summary judgment dismissing this suit which he had filed against Leonard P. Jarnowski, defendant, and

from a subsequent order denying plaintiff's motion to set aside said judgment.

Plaintiff's action was for damages sustained when he was thrown to the ground and injured, when mounting a horse named "Freckles", which he rented from defendant at a livery stable. While at the stable he signed his name to a document called a "Register", below which word in nine paragraphs of small print, certain exculpatory language was alleged to have been used, including the following:

"We, the undersigned severally and jointly, do hereby waive any and all rights for injuries and for damages arising from injuries sustained by us in connection with the below mentioned hire, * * *"

Plaintiff's name was on the fourteenth line below the printed paragraphs opposite the name "Rosi" in the column entitled "Horse". The evidence indicated however that he was given "Freckles" and that when he attempted to mount that horse he was thrown to the ground and sustained the injuries for which suit was brought.

Count I was based upon the theory of a breach of an implied warranty in the contract of hire that the horse was trained for riding, while count II was based upon defendant's alleged negligence in permitting plaintiff to ride the horse in question. An answer filed by defendant raised issues of fact, and set up the affirmative defenses of assumption of risk, contributory negligence and release and waiver through the signing of the register, to which a reply of plaintiff made denial.

When the parties appeared for trial, the trial judge required them to submit memorandums of authorities regarding the signing of the register and continued the case. Memorandums were submitted and the judgment from which this appeal was taken was entered.

■■■ 1. Illinois law governs. We agree with the contention of plaintiff's counsel that whether the exculpatory clause was binding upon the plaintiff in view of the circumstances surrounding its signing was one of fact and was not a proper matter for disposition by summary judgment.

In 598 Cases, Each Containing 24 Cans More or Less of Tomatoes v. United States, 7 Cir., 211 F.2d 249, 251 (1954), we said:

"Factual issues are not to be tried or resolved by summary judgment procedure. Once it is determined that there exists a genuine and material factual issue, summary judgment may not be granted. In making this determination doubts (of course the doubts are not fanciful) are to be resolved against the granting of summary judgment. * * *"

Particularly significant here is Moore v. Edmonds, 384 Ill. 535, 549, 52 N.E.2d 216, 222 (1943) where the Illinois Supreme Court said:

" * * * Our attention is also directed to the fact that a sign, about thirty-eight and one-half by twenty-three inches in size, behind the counter on the wall of the warming room where the ticket was purchased contained these words: 'Warning You Ride At Your Own Risk—Be Careful!' According to plaintiff, he did not see the sign. A woman patron the same evening testified that she failed to see the sign. Each of the three defendants testified to the presence of the sign as did three persons who were assisting defendants with the operation of the slide. A concession that plaintiff did see the sign would not relieve defendants from liability, but would merely amount to an assumption of risk of the known or ordinary dangers to be encountered. The question of whether the alleged release was obtained knowingly and fairly is a fact question to be decided by the jury. * * *"

2. In Progress Development Corporation v. Mitchell, 7 Cir., 286 F.2d 222, at 233–234 (1961), we said:

" * * * If summary judgment is appropriate on this ground after a

preliminary hearing only, then the preliminary hearing becomes in fact a trial on the merits and its whole purpose is lost. In granting summary judgment at this stage of the proceeding, the trial court denied plaintiffs their right to a trial by jury on Count III. 'In the very proper endeavor to terminate a litigation before it * * * [the district court] overlooked considerations which make the summary judgment an inappropriate means to that very desirable end.' Sartor v. Arkansas [Natural] Gas Corp., 1944, 321 U.S. 620, 627, 64 S.Ct. 724, 729, 88 L.Ed. 967. Summary judgment may properly be entered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. That is not this case. It cannot be invoked to deprive litigants of their right to trial by jury if there remain genuine issues of material fact to be tried. Hartford Acc. & Indem. Co. v. Northwest National Bank, 7 Cir., 1955, 228 F.2d 391, 395, and cases therein cited.

"While the district court heard considerable evidence, a final hearing on the merits did not take place. * * * "

We conclude that in disposing of this case by summary judgment and the consequent denial of plaintiff's right to have a jury pass upon the factual issues involved in the case, error was committed in the district court, which requires that its judgment be now reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.