Richard L. MILLER, Appellant,

v.

Samuel V. NOE et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1968.

William Friedlander, Louisville, for appellant.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

OSBORNE, Judge.

The question upon this appeal is: Does a teacher who voluntarily absents himself from duty without a leave of absence from the school board vacate his position as a teacher under the teachers' tenure act, KRS 161.790? We believe he does.

Appellant, Richard L. Miller, was employed as a teacher by the Board of Education of Louisville, Kentucky. For the 1965–66 school year he was assigned to the Manly Junior High School as a full-time teacher. During the months of December, 1965, and January, 1966, he requested a leave of absence in order to work full time for the American Federation of Teachers. On January 14, 1966, he appeared before the Board requesting a leave of absence and his request was unanimously denied. He then discontinued his teaching duties on February 14, 1966, and commenced working full time for the Federation at a salary equivalent to that which he had been paid by the Board. Much of the proof in this case and argument of the briefs filed by counsel is concerned with whether or not appellant intended to return to the teaching profession either upon the expiration of a definite period of time or at some indefinite date. We believe this to be immaterial. KRS 161.720(4) provides:

"The term 'continuing service contract,' shall mean a contract for the employment of a teacher which shall remain in full force and effect until the teacher *resigns* or retires or reaches the age of 65 or until it is terminated or suspended as provided in KRS 161.790 and 161.800." (Emphasis added).

We believe an act of resignation occurred when the teacher took an indeterminate voluntary leave of absence without the consent of the Board. Welch v. Board of Education of Magoffin County, Ky., 247 S.W.2d 536; Marshall v. Conley, Ky., 258 S.W.2d 911; 47 Am.Jur. 395, Schools, Sec. 138. The school board was under no obligation to take appellant back after he voluntarily absented himself from his position.

The judgment is affirmed.

All concur.