EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS RAFAEL COSME PÉREZ y LEONCIO BECERRIL RÍOS, acusados y apelantes.

*Número:* CR-70-79      *Resuelto:* 1 de febrero de 1971

*Julio García Antique, E. Armstrong de Watlington y Enrique Miranda Merced,* abogados de los apelantes; *Gilberto Gierbolini, Procurador General, y Bienvenido Vélez Coello, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Los apelantes fueron convictos de robo cometido en el presidio. Aquéllos y el perjudicado estaban allí en calidad de confinados. Según la prueba creída por el jurado los apelantes emboscaron y asaltaron en una escalera de la penitenciaría al perjudicado, dándole varios golpes en la cara y una herida punzante en la espalda con una "puya" y robándole un reloj Bulova de oro y una cadena del mismo metal.

La prueba de cargo consistió de las declaraciones del perjudicado, del Director Médico del Hospital de la Penitenciaría Estatal, quien atendió al perjudicado, y de un

guardia penal. La prueba de defensa consistió de las declaraciones de los apelantes.

El llamado "único" error contiene realmente dos señalamientos. El primero consiste en alegar que el fiscal hizo llegar al conocimiento del jurado que los acusados eran reincidentes. El segundo ataca la suficiencia de la prueba.

Los acusados aceptaron la alegación de subsiguiente en ausencia del jurado y el magistrado ordenó que se preparara una acusación donde apareciera solamente el delito de robo por el cual se les iba a juzgar y en la cual no apareciese dicha alegación de subsiguiente, todo ello en obediencia a la Regla 68 de las de Procedimiento Criminal.

■ Los dos señalamientos antes mencionados carecen de mérito. En cuanto al primero, la realidad ineludible es que los hechos ocurrieron en el presidio y era casi imposible pasar la prueba sin que el jurado se enterase de esa realidad. Ni el fiscal ni los testigos podían hacer ver que el delito se cometió en otra parte. Cuando el fiscal le pregunta al perjudicado que dónde se encontraba el día de los hechos éste contesta "en la Penitenciaría Estatal." (T.E. pág. 6). Cuando le pregunta que en qué lugar y en qué consistieron los hechos el perjudicado contestó lo siguiente:

"El día 3 de marzo a las mismas 6:00 de la tarde cuando sonó la sirena para que todos los confinados se reunieran en sus residencias dormitorios, se recogieran en sus residencias dormitorios me dirigí a mi dormitorio número 406. Cuando iba hacia arriba entrando, después que subía la escalera que había entre la puerta de la galera estaba Leoncio Becerril Ríos y Jesús Rafael Cosme García esperándome y. . . ." (T.E. pág. 7.)

El propio abogado de la defensa, quien no hizo objeciones al interrogatorio del fiscal, tampoco se sustrajo de la realidad antes indicada. Al contrainterrogar al perjudicado comienza en la siguiente forma:

"P.—Testigo, después del 3 de marzo de 1969 dónde se encuentra usted?

R.—En la Penitenciaría Estatal.

P.—Lo que se llama presidio?

R.—Sí señor." (T.E. pág. 30.)

También el abogado de la defensa inicia la prueba de descargo como sigue:

"P.—Con la venia del Tribunal respetuosamente. Testigo su nombre?

R.—Leoncio Becerril Ríos.

P.—Dónde se encuentra usted actualmente?

R.—Penitenciaría Estatal. ·

P.—Qué cumple?

R.—Una sentencia, sumariado." (T.E. pág. 51).

En el curso de las declaraciones de ambos apelantes, de igual manera que durante la declaración del perjudicado, se hacen repetidas alusiones a que los hechos ocurrieron en la penitenciaría y a que los tres protagonistas de los mismos eran confinados.

En cuanto al segundo señalamiento, la prueba es conflictiva ya que la versión del perjudicado y la de los apelantes se contradicen. Sin embargo, los golpes y el "puyazo", sobre los que declaró el médico, no pueden negarse. El jurado dirimió el conflicto de la prueba y no tenemos elementos de juicio superiores a los que tuvo ante sí el jurado que justifiquen que intervengamos con el veredicto.

*Se confirmarán las sentencias apeladas.*

El Juez Asociado Señor Santana Becerra no intervino.