Richard L. MILLER, Plaintiff,

v.

BOARD OF EDUCATION OF JEFFERSON COUNTY, KENTUCKY, et al., Defendants.

No. 6373.

United States District Court, W. D. Kentucky, at Louisville.

Feb. 22, 1971.

Stuart L. Lyon, Louisville, Ky., Patrick J. Dixon, Shively, Ky., for Richard L. Miller.

E. Preston Young, Louisville, Ky., for Bd. of Education of Jefferson County, Ky., and Richard Van Hoose, Superintendent.

Henry A. Triplett, Louisville, Ky., for Bd. of Education of Louisville, Ky., and Newman Walker, Superintendent.

## MEMORANDUM AND ORDER

BRATCHER, District Judge.

The immediate question confronting this Court is whether both defendants are entitled to a summary judgment pursuant to Rule 56(b), Federal Rules of Civil Procedure.

Neither the plaintiff nor defendant filed affidavits with their memorandums arguing the merits of the controversy.

Rule 56 is a procedural device for the disposition of cases in which there is no material issue of fact, and its purpose is to eliminate the formal trial of cases where only questions of law are involved.

This Court, therefore, is authorized under the plain provisions of this rule to summarily determine whether or not a bona fide issue of fact exists between the parties. This can be determined either from the pleadings or other proof properly presented. However, if the pleadings and proof of either of the parties disclose that no real cause of action or defense exists, the Court may determine that there is no issue to be tried by a jury and may grant a summary judgment. See Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Company, 6th Cir., 137 F.2d 871 (1943).

The plaintiff served as a qualified, certified, full-time teacher with the Board of Education of Louisville, Kentucky, from 1952–1965. On December 17, 1965, he applied for a leave of absence in order to work full time for the American Federation of Teachers. This request was expressly denied by the Board. In disregard of the Board's decision the plaintiff took an intermediate voluntary leave of absence.

In June, 1966, the plaintiff applied for assignment with the City of Louisville as a teacher for the 1966–1967 school term, and this was denied by the Superintendent for the Board of Education.

In December, 1966, the plaintiff applied for the position of substitute teacher with the Board of Education of Jefferson County, Kentucky, and this was turned down. He also has re-applied each succeeding year (1967, 1968 and 1969) with the Jefferson County

Board of Education and each time has been denied employment.

In April, 1969, the plaintiff again applied for renewal of this teaching certificate for the Louisville school system, and this was once again denied.

The plaintiff claims that this action was a result of capricious and arbitrary conduct of the defendants, and that there was a conspiracy against the plaintiff, founded on purely political reasons.

The plaintiff bases this on certain exhibits (letters) that he has filed. The essence of these exhibits is that the plaintiff was refused a teaching certificate because (1) he had previously taken an unauthorized leave of absence; (2) he has caused the Louisville Board of Education considerable expense in litigation throughout the state courts and now into the Federal Court system; and (3) the plaintiff had become such a figure of controversy. (See Exhibits 1 and 7).

Sufficient grounds have been presented to justify granting the summary judgment.

The plaintiff has not presented this Court with real issues of fact material in nature. He insists that he is a duly qualified and certified teacher and that this should automatically create a teaching position for him (either full-time or on emergency basis) in Louisville, Ky. He states that he was denied this right because of purely political reasons and that such denial is analogous to being denied restaurant service because of race. The plaintiff's rights are clearly subject to the provisions of Kentucky Statutory Law.

KRS 160.380 gives the superintendent and the Board discretion in appointments while KRS 161.790 states various grounds for termination of teaching contract, including "neglect of duty".

■ The plaintiff is clouding this case with legal conclusions instead of providing real material issues of fact. No proof has been tendered to show that the defendants were motivated by political considerations. This is an unsupported legal conclusion and is insufficient. See United States v. Daubendiek, 25 F.R.D. 50 (N.D.Iowa 1959).

■ The real reason plaintiff was denied employment was his taking an unauthorized leave of absence in 1965. This demonstrated rank insubordination and amounted to neglect of duty on the plaintiff's part. His conduct was inexcusable; consequently, the Board's action was justified by the facts. See Miller v. Noe, Ky., 432 S.W.2d 818 (1968) and T.R. Exhibit 7.

■ No weight can be given to the mere conclusions, factually unsupported characterizations of the complained-of acts, as arbitrary, capricious and conspiratorial and done for the purpose of depriving plaintiff of his constitutional rights. This is indeed an insufficient showing. See McGuire v. Todd, 5th Cir., 198 F.2d 60 (1952); Hornsby v. Allen, 5th Cir., 326 F.2d 605 (1964).

■ This Court is persuaded that the plaintiff has failed to show that there is a genuine issue of fact to be tried. General allegations which do not show facts in detail, or with precision, are insufficient to prevent the award of summary judgment. See Appolonio v. Baxter, 6th Cir., 217 F.2d 267 (1954).

Therefore, it is this Court's considered opinion that the defendants' acts were not arbitrary nor otherwise improper and that plaintiff has failed to present material issues of fact.

Wherefore, the defendants' motion for summary judgment is hereby sustained and granted.