ORR, APPELLEE, *v.* TRINTER ET AL., APPELLANTS.

[Cite as Orr v. Trinter (1971), 29 Ohio Misc. 149.]

(No. 20721—Decided June 16, 1971.)

United States Court of Appeals, Sixth Circuit.

*Mr. Thomas A. Bustin,* Asst. City Atty., for appellants; *Mr. John C. Young,* City Atty., *Mr. William J. Melvin,* Chief Trial Atty., *Mr. Robert Cohen,* Asst. City Atty., on brief.

*Mr. Dwight I. Hurd* and *Mr. Robert J. Sidman,* for appellee; *Mr. Robert J. Sidman, Messrs. Mayer, Tingley, Hurd & Emens,* on brief.

*Mr. David Rubin,* Deputy Gen. Counsel, N. E. A., *Mr. Richard J. Medalie, Mr. Alvin Friedman, Messrs. Epstein, Friedman & Duncan,* on brief for National Education Association, as amicus curiae.

*Messrs. Kiger & Hess,* on brief of the Board of Education of the City of Washington Court House, Ohio, as amicus curiae.

Before PHILLIPS, Chief Judge, and MILLER and KENT, Circuit Judges.

PHILLIPS, Chief Judge. The question presented on this appeal is whether a public school teacher who has not attained tenure status and whose contract of employment is not renewed has a constitutional right to be told the reason for the non-renewal and to a hearing.

This appeal arises out of a suit by Thomas Justin Orr, a white high school teacher, against the Columbus (Ohio) Public Schools (a statutory school district), the Columbus Board of Education and various officials of the Board, and Raymond E. Trinter, the principal of Walnut Ridge High School in Columbus. The complaint alleges that Orr's constitutional rights were violated when, without being given any reason, hearing or other ''procedural due process rights'' the Board failed to renew his employment contract and that as a consequence he has a claim under the Civil Rights Act of 1871, 42 U. S. Code, Section 1983. Federal jurisdiction is asserted under 28 U. S. Code, Section 1343(3).

The District Court entered judgment for Orr, and ordered that:

''[T]he defendants deliver to plaintiff's counsel a writ-

ten statement of the reasons upon which the defendants relied in deciding not to renew plaintiff's limited teaching contract, that the defendants set a hearing date and cause notice of such date to be given plaintiff's counsel, that said notice advise plaintiff that at the hearing he will be given an opportunity to present evidence relating to the reasons given for the decision not to renew his limited teaching contract and that within fifteen days of the hearing the defendants advise plaintiff of its decision.'' 29 Ohio Misc. 62.

We reverse.

Orr holds Bachelor of Arts and Master of Arts degrees. He is certified provisionally by the Ohio Department of Education to teach English, history and government in any Ohio school district for grades seven through twelve. During the 1969-70 school year he was employed as a tenth grade teacher at Walnut Ridge High School in Columbus under a limited teaching contract. Under this contract, he was considered a probationary teacher and had no tenure. It is unclear whether he could be considered to have an expectancy of reemployment. No Ohio decisions on that point have been found. The Ohio code provides that:

''Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed, re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to reemploy him on or before the thirtieth day of April. Such teacher is presumed to have accepted such employment unless he notifies the board in writing to the contrary on or before the first day of June, and a written contract for the succeeding school year shall be executed accordingly.'' R. C. 3319.11. (Supp. 1970.)

On April 10, 1970, Orr was informed by defendant Trinter that his contract of employment would not be renewed for the 1970-71 school year. Orr was told that if he

resigned on or before April 15, 1970, his record would show no action by the Board of Education.

Orr refused to resign. On April 28, 1970, after a review of the case and a public discussion of its merits in the presence of Orr but without his participation, Orr received written notice from the Board of Education that his limited teaching contract for the 1969-70 school year would not be renewed. No reasons for this action were indicated on the notice.

On May 1, 1970, and again on May 22, 1970, Orr requested a written disclosure of the reasons for the refusal to renew his teaching contract. The Board did not respond to these requests. This litigation followed.

The case was submitted to the District Court on the complaint, defendants' motion to dismiss for failure to state a claim for which relief can be granted, agreed stipulations of fact and memoranda of the parties.

The Supreme Court has not decided the question with which we are confronted, and the Circuits are split.

Under facts substantially similar to those that are before us, the First Circuit has held that the teacher is entitled to a ''written explanation, in some detail, of the reasons for non-retention,'' but ''that a hearing is not constitutionally compelled.'' *Drown* v. *Portsmouth School Dist.* (1st Cir.), 435 F. 2d 1182, 1185.

Conversely, the Fifth Circuit has held that no reasons or hearing are required. *Thaw* v. *Board of Public Instruction* (5th Cir.), 432 F. 2d 98. But see *Sindermann* v. *Perry* (5th Cir.), 430 F. 2d 939, cert. granted 39 U. S. L. W. 3548.

Moreover, several District Courts, in addition to the District Court in the present case, have considered the issue. The results of these decisions are likewise varied. Compare *Schultz* v. *Palmberg* (D. Wyo.), 317 F. Supp. 659, and *Bonner* v. *Texas City Independent School District* (S. D. Tex.), 305 F. Supp. 600, with *Gouge* v. *Joint School District No. 1* (W. D. Wis), 310 F. Supp. 984; *Roth* v. *Board of Regents* (W. D. Wis.), 310 F. Supp. 972, *aff'd* 446 F. 2d 806 (7th Cir.) and *Lucia* v. *Duggan* (D. Mass.), 303 F. Supp. 112.

A review of several closely related cases from the various Circuits also shows divergent opinions. The Eighth Circuit has decided two pertinent cases. In *Freeman* v. *Gould Special School District* (8th Cir.), 405 F. 2d 1153, cert. denied, 396 U. S. 843, 90 S. Ct. 61, 24 L. Ed. 2d 93, several non-tenured Negro school teachers brought a Section 1983 action as a consequence of the fact that they were not rehired. Racial discrimination was not an issue on appeal, and the controversy resolved to whether the Board's action in requiring the teachers to secure their principal's approval of a new contract was ''arbitrary and capricious and a denial of federal due process under the Fourteenth Amendment.'' *Id*. at 1157. The court rejected plaintiffs' contention ''that the Board must accord due process, both substantive and procedural, in all of its operative procedures.'' *Id*. at 1160. According to the court:

''If this were so, we would have little need of tenure or merit laws as there could only be, as argued by the plaintiffs, a discharge for cause, with the school board carrying the burden of showing that the discharge was for a permissible reason. We do not believe this to be the law, as there are many public employees who are separated from their employment by a purely arbitrary decision, upon a change of administration or even a change of factual control where the appointments are not protected by civil service or some type of tenure, statutory or contractual.'' *Id*.

In another Section 1983 case, *Brooks* v. *School District* (8th Cir.), 267 F. 2d 733, cert. denied, 361 U. S. 894, 80 S. Ct. 196, 4 L. Ed. 2d 151, the Eighth Circuit affirmed the District Court's decision that plaintiffs had failed to sustain their burden of proof on their claim of dismissal based on racial grounds. In discussing the law the court said:

''School boards are vested with wide discretion in matters affecting school management, including the employment of teachers, and a court may not interfere with the board's action unless the board has exercised its power in an unreasonable, arbitrary, capricious, or unlawful manner. *State, ex rel. Wood,* v. *Board of Education,* 357 Mo.

147, 206 S. W. 2d 566; *Morris* v. *Williams* (D. C. E. D. Ark.), 59 F. Supp. 508, 510; 78 C. J. S. Schools and School Districts, Section 128, pages 920-923." *Id.* at 739.

The Fourth Circuit has held that a failure to rehire could be such an arbitrary and capricious act as to violate Fourteenth Amendment due process rights. See *Johnson* v. *Branch* (4th Cir.), 364 F. 2d 177, cert. denied, 385 U. S. 1003, 87 S. Ct. 706, 17 L. Ed. 2d 542.

In addition to the *Thaw* case previously discussed, the Fifth Circuit has decided several other pertinent cases. In *Lucas* v. *Chapman* (5th Cir.), 430 F. 2d 945, the court held that a claim of failure to rehire due to exercise of First Amendment rights was cognizable under Section 1983, and that a hearing before the Board was mandatory. The court then distinguished, at page 947, its decision from the situation "where the only matter in issue is a difference of view over a school board's exercise of judgment and discretion concerning matters nonconstitutional in nature," which, it said, did not require the board to hold a hearing. The court then commented on some in-between situations.

"If the board asserts a non-constitutional reason and the teacher claims it is a sham and that the real reason is one impinging on his constitutional rights, he must be afforded a hearing. Also, even in the area of non-constitutional reasons, the board's decision must not be wholly unsupported by evidence else it would be so arbitrary as to be a constitutional violation. *Schware* v. *Board of Bar Examiners* (1957), 353 U. S. 232, 77 S. Ct. 752, 1 L. Ed. 2d 796; *United States, ex rel. Vajtauer*, v. *Commissioner of Immigration* (1927), 273 U. S. 103, 106, 47 S. Ct. 302, 303, 71 L. Ed. 560, 563." *Id.* at 948.

In another line of cases, the Fifth Circuit has considered as determinative on the question of the right to a hearing before the board the fact that the teacher either does or does not have an expectancy of reemployment. If he does have this expectancy, a hearing is required. If he does not have the expectancy, the duty is on the teacher to initiate a hearing and prove that the Board is wrong. *Sindermann* v. *Perry* (5th Cir.), 430 F. 2d 939, cert. granted, 403

U. S. 917, 91 S. Ct. 2226, 29 L. Ed. 2d 694. See, also, *Ferguson* v. *Thomas* (5th Cir.), 430 F. 2d 852.

The Second Circuit also has used the expectancy of reemployment test, *Bomar* v. *Keyes* (2d Cir.), 162 F. 2d 136, 139, *cert. denied*, 332 U. S. 825, 68 S. Ct. 166, 92 L. Ed. 400, to define the interest which the law will protect.

The Tenth Circuit, on the other hand, has held that an expectancy of reemployment is not an interest which is secured by the Constitution of the United States. *Jones* v. *Hopper* (10th Cir.), 410 F. 2d 1323, cert denied, 397 U. S. 991, 90 S. Ct. 1111, 25 L. Ed. 2d 399.[1]

As heretofore stated, it is not clear whether Orr had an expectancy of reemployment under R. C. 3319.11, quoted above. We assume from the filing of the instant action that he had a personal desire and expectation to continue in his employment as a teacher at Walnut Ridge High School. Personal desire and expectation, however, are not the equivalent of expectancy of reemployment in contemplation of law. Whatever expectancy of employment Orr may have had during his probationary period and prior to attaining tenure status was not subject to constitutional protection, but was subject to the discretion of the Board of Education not to renew his contract.

In a recent decision, *Tichon* v. *Harder* (2nd Cir.), 438 F. 2d 1396, involving the discharge of a probationary social worker in the Connecticut Department of Welfare, the Second Circuit held that in certain instances the denial of procedural due process, standing alone, may not be sufficient to state a claim under Section 1983, and that jurisdiction therefore would not lie under Section 1343(3).

A somewhat comparable situation was presented to this court in *Hopkins* v. *Wasson* (6th Cir.), 329 F. 2d 67, cert. denied, 379 U. S. 854, 85 S. Ct. 102, 13 L. Ed. 2d 57, affirming, 227 F. Supp. 278. In that case the contract of

---

[1] In *Greene* v. *Howard University*, 134 U. S. App. D. C. 81, 412 F. 2d 1128, the Court of Appeals for the District of Columbia, in the only related case we have found from that Circuit, determined the rights of discharged college professors on contractual grounds.

employment of a non-tenured public school teacher was not renewed by the Board of Education. The teacher sued school officials for common law slander and for deprivation of civil rights under 42 U. S. Code, Sections 1981-88. This court affirmed the opinion of District Judge Frank W. Wilson, who said:

'' "Turning now to the question of whether the plaintiff has stated a cause of action for violation of her civil rights, the court is of the opinion that she has not, and that the motion for summary judgment must therefore be sustained as to the civil rights claim of the complaint.

"In her complaint, the plaintiff alleges merely that the defendants failed to rehire her at the expiration of the 1959-1960 school year. There is no allegation that the plaintiff's contract was breached or that the obligation thereof was impaired. Upon the contrary, the complaint acknowledges that the plaintiff's contract had expired and further that the plaintiff was not on tenure under the laws of the State of Tennessee. Accordingly, she had no right, statutory or contractual, to be rehired, and nothing in Title 43 U. S. Code, Sections 1981-1988 entitles her to redress for not being rehired under these circumstances.'' 227 F. Supp. at 279-280.

The Supreme Court has held that where state action denies a person a license or the opportunity to practice his chosen profession, due process requires that he be given a hearing and a chance to respond to the charges against him. See, *e. g.*, *Greene* v. *McElroy*, 360 U. S. 474, 79 S. Ct. 1400, 3 L. Ed. 2d 1377; *Schware* v. *Board of Bar Examiners*, 353 U. S. 232, 77 S. Ct. 752, 1 L. Ed. 2d 796.

However, since there is no constitutionally protected right to government employment, *Bailey* v. *Richardson*, 86 U. S. App. D. C. 248, 182 F. 2d 46, aff'd by an equally divided court, 341 U. S. 918, 71 S. Ct. 669, 95 L. Ed. 1352, such a hearing is not required where the only thing at stake is a specific job. *Cafeteria and Restaurant Workers Union, Local 473*, v. *McElroy*, 367 U. S. 886, 81 S. Ct. 1743, 6 L. Ed. 2d 1230.

From our review of these and other cases we can sum-

marize what we consider to be the law related to the issue before this court. To prove a claim under 42 U. S. Code, Section 1983, a plaintiff must show (1) action taken under color of state law, and (2) a deprivation of a constitutional right as a result of that action. *Jones* v. *Hopper* (10th Cir.), 410 F. 2d 1323, cert. denied, 397 U. S. 991, 90 S. Ct. 1111, 25 L. Ed. 2d 399. In their brief before this court defendants contest the element of state action. We think it is clear, however, that the failure to rehire plaintiff undoubtedly was under color of state law. Stipulation No. 27 in the record is as follows: "All of the abovesaid acts [*i. e.*, refusal to rehire without reasons or a hearing] of the defendants were done pursuant to state law." See, also, *Bomar* v. *Keyes* (2d Cir.), 162 F. 2d 136, cert. denied, 332 U. S. 825, 68 S. Ct. 166, 92 L. Ed. 400. We proceed directly to the question of whether the failure to rehire deprived plaintiff of any constitutional rights.

Initially we recognize that plaintiff does not have a constitutional right to public employment. *Cafeteria and Restaurant Workers Union, Local 473,* v. *McElroy, supra.* However, even though "one may not have a constitutional right to go to Bagdad, * * * the Government may not prohibit one from going there unless by means consonant with due process of law." *Homer* v. *Richmond,* 110 U. S. App. D. C. 226, 229, 292 F. 2d 719, 722.[2] Hence it is no longer open to debate that plaintiff would be entitled to relief if the board had refused to rehire him because he had exercised his rights as guaranteed by the free speech clause of the First Amendment, *Pickering* v. *Board of Education,* 391 U. S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811, *Board of Trustees of Arkansas A & M College* v. *Davis* (8th Cir.), 396 F. 2d 730, cert. denied, 393 U. S. 962, 89 S. Ct. 401, 21 L. Ed. 2d 375; by the self incrimination clause of the Fifth Amendment, *Slochower* v. *Board of Higher Education,* 350 U. S. 551, 76 S. Ct. 637, 100 L. Ed. 692; by the due process clause of the Fifth or Fourteenth Amendments, *Greene* v. *McElroy,* 360 U. S. 474, 79 S. Ct. 1400, 3 L. Ed. 2d 1377;

---

[2]Quoted in *Cafeteria and Restaurant Workers Union, Local 473,* v. *McElroy, supra,* 367 U. S. at 894, 81 S. Ct. at 1718.

or by the equal protection clause of the Fourteenth Amendment, *Hatton* v. *County Board of Education* (6th Cir.), 422 F. 2d 457; *Rolfe* v. *County Board of Education* (6th Cir.), 391 F. 2d 77. These are constitutionally impermissible reasons for refusal to rehire a teacher. Conversely courts have recognized as constitutionally permissible reasons for refusal to rehire the fact that the teacher is not as well qualified as another applicant, *Brooks* v. *School District* (8th Cir.), 267 F. 2d 733, cert. denied, 361 U. S. 894, 80 S. Ct. 196, 4 L. Ed. 2d 151; or because of a reduction in force, *Walton* v. *Nashville, Arkansas Special School District No. 1* (8th Cir.), 401 F. 2d 137.

Orr does not complain that he was dismissed as a result of exercising his right of free speech, his right against self-incrimination, or a result of racial discrimination in violation of his right to equal protection of the laws under the Fourteenth Amendment. If he had elected to sue upon such a theory, appropriate averments could have been made in the complaint and he could have proceeded to a trial and presented evidence in the District Court, rather than submitting his case on a stipulation of facts. However, he did not so elect. Rather, his primary contention is that the failure to give reasons for the nonrenewal of his contract and a hearing at which he can challenge the reasons is itself a constitutional violation. He argues that the refusal to rehire him without giving any reasons was arbitrary and capricious action, thus violating his substantial rights under the Fourteenth Amendment due process clause. We reject this argument for two reasons.

First, the Fourteenth Amendment only protects against the state depriving one of life, liberty, or property without due process of law. "It has been held repeatedly and consistently that Government employer is not 'property.' * * * We are unable to perceive how it could be held to be 'liberty.' Certainly it is not 'life.' " *Bailey* v. *Richardson* (D. C. Cir.), 182 F. 2d 46, aff'd by an equally divided Court, 341 U. S. 918, 71 S. Ct. 669, 95 L. Ed. 1352.

Second, in the unique situation of a probationary school teacher, the failure to give reasons for the refusal

to rehire is not arbitrary and capricious action on the part of the Board since the very reason for the probationary period is to give the Board a chance to evaluate the teacher without making a commitment to rehire him. A non-tenured teacher's interest in knowing the reasons for the non-renewal of his contract and in confronting the Board on those reasons is not sufficient to outweigh the interest of the Board in free and independent action with respect to the employment of probationary teachers. The Board is not a legal tribunal. It is an employer, and when it decides to hire or not to hire a particular teacher, it is acting "as proprietor, to manage the internal operation" of the public schools. *Cafeteria and Restaurant Workers, Local No. 473,* v. *McElroy, supra,* 367 U. S. at 896, 81 S. Ct. at 1749. As was stated by Mr. Justice Brennan in his dissent in *Nelson* v. *Los Angeles County,* 362 U. S. 1, at 16, 80 S. Ct. 527, at 535, 4 L. Ed. 2d 494:

"Doubtless a probationary employee can constitutionally be discharged without specification of reasons at all; and this court has not held that it would offend the Due Process Clause, without more, for a state to put its entire civil service on such a basis, if as a matter of internal policy it could stand to do so."

While an employee may not be barred from future employment for reasons that are patently arbitrary or discriminatory, *Cafeteria and Restaurant Workers Union, Local 473,* v. *McElroy, supra,* this does "not alter the power of the [Board] to discharge summarily an employee in [plaintiff's] status, without the giving of any reason." *Vitarelli* v. *Seaton,* 359 U. S. 535, 539, 79 S. Ct. 968, 972, 3 L. Ed. 2d 1012. If such action is constitutionally permissible in the discharge of an employee, then assuredly it is permissible in the refusal to renew the contract of a probationary teacher. We hold that it was neither arbitrary nor capricious to refuse to renew plaintiff's contract without giving any reason for that decision.

On the other hand, if the reason, either as stated by the Board or as suspected by the teacher, for the refusal to rehire the teacher is constitutionally impermissible, the

teacher can state a claim for which relief can be granted under 42 U. S. Code, Section 1983. We cannot agree that the refusal to rehire plaintiff without giving reasons is itself a violation of either substantive or procedural due process. We hold that the failure to give a reason for the refusal to rehire, or to grant a hearing in connection therewith, standing alone, is not constitutionally impermissible conduct on the part of the Board of Education.

The Board is presumed to have acted lawfully. See 29 Am. Jur. 2d, Evidence, Section 168 *et seq.*, and cases collected therein. In the absence of an allegation in the complaint of constitutionally impermissible conduct, no claim under Section 1983 is stated.

In conclusion we emphasize that an essential feature of state teacher tenure laws is to require a teacher to serve a probationary period before attaining the rights of tenure. State statutes prescribe the rights of tenured teachers to written charges, public hearings and judicial review. The determination as to whether the quality of services of a particular teacher entitles him to continued employment beyond the probationary period, thereby qualifying him for tenure status, or whether his contract of employment should not be renewed prior to attainment of tenure status, is the prerogative of the employer, the Board of Education. In the present case Orr seeks to persuade this court to render a decision which would confer certain tenure privileges upon non-tenured teachers—in effect to amend the Ohio statute by judicial decree. This we decline to do.

The decision of the District Court (29 Ohio Misc. 62), is reversed. The case is remanded with instructions to dismiss the complaint.