**Richard MILLER, Plaintiff-Appellant,**

**v.**

**BOARD OF EDUCATION OF JEFFERSON COUNTY, KENTUCKY, et al., Defendants-Appellees.**

**No. 71–1233.**

United States Court of Appeals, Sixth Circuit.

Dec. 23, 1971.

Patrick J. Dixon and Stuart L. Lyon, Louisville, Ky., for plaintiff-appellant.

E. Preston Young, Louisville, Ky., for Board of Education, Jefferson County, Ky. and Richard Van Hoose.

Henry A. Triplett, Louisville, Ky., for Board of Education of Louisville, Ky. and Newman Walker, Superintendent, Board of Education, Louisville, Ky.; Hogan, Taylor, Denzer & Bennett, David N. Everett, Louisville, Ky., on the brief.

Before WEICK and CELEBREZZE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Miller has appealed from an order of the District Court granting summary judgment in favor of the defendants. the defendants.

His action in the District Court was brought under the Civil Rights Act (42 U.S.C. § 1983) against the Board of Education of the City of Louisville, Kentucky, the Board of Education of Jefferson County, Kentucky, and their respective Superintendents, claiming that his constitutional rights had been denied him because of the failure of the Louisville Board of Education to rehire him as a teacher after he had resigned, and the refusal of the County Board of Education to hire him as a substitute teacher.

Miller was a qualified, certified and full time teacher in the public schools of the City of Louisville, from 1952 through 1965, under contract with the Board of Education.

In December, 1965, and January, 1966, Miller requested a leave of absence to work full time for the American Federation of Teachers. On January 14, 1966, he personally appeared before the Board of Education and requested leave of absence. His request was unanimously denied. He then voluntarily discontinued his teaching duties on February 14, 1966, and commenced to work for the Federation at the same salary he had received from the Board.

In June, 1966, Miller applied for assignment with the Board as a teacher for the 1966 school year, which application was denied. He filed suit the following September against the Louisville Board, in the Circuit Court of Jefferson County, Kentucky, Chancery Division, to compel his reemployment, which suit resulted in a judgment in favor of the Board. Upon appeal to Kentucky's highest court, the judgment was affirmed. The Court held that under Kentucky law, "an act of resignation occurred when the teacher took an indeterminate voluntary leave of absence without the consent of the Board," and that the Board was under no obligation to take

him back. Miller v. Noe (Ky.), 432 S. W.2d 818 (1968).

In the report of Superintendent of Schools Noe to the Kentucky State Board of Education, he stated:

> "Since Mr. Miller voided his contract in February of 1966 by leaving his position without permission to take on other employment and since he caused the Louisville Board of Education to assume considerable expense by defending its actions through the courts for not reinstating him, I cannot recommend the renewal of Mr. Miller's certificate."

Under Kentucky law a teacher may not be employed except upon recommendation of the Superintendent of Schools to the Board. The Superintendent of Schools declined to recommend Miller for employment.

█ The decision of the Kentucky Courts is res judicata on the issue of whether Miller in fact resigned, and he may not relitigate that issue here.

█ Miller has no constitutional right to public employment and his application therefor may be declined without giving any reason for the declination. Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971).

The proof is barren as to any evidence of discrimination against Miller or violation of his constitutional rights.

We next consider the case against the County Board of Education and its Superintendent. That Board had never employed Miller.

In December, 1966, Miller applied to the County Board for the position of substitute teacher. We have no doubt that the County Board was familiar with Miller's activities with respect to the City Board because Louisville is the county seat of Jefferson County. Miller's application for employment was declined, as well as applications which he made in the succeeding years of 1967, 1968 and 1969.

In a conversation with an Associate Superintendent of the County Schools, Miller was advised that he would not be employed "because he was a figure of controversy." At his request the Associate Superintendent so stated in a letter.

In his brief Miller states that he—

> ". . . with reluctance, accepted a lucrative position with the Clarksville Indiana Public Schools in August of 1966. It might be significant to note here also that Mr. Miller's position with the Clarksville Schools was terminated on September 25, 1966, just 25 days after he began teaching. Miller is contending in a breach of contract suit in Indiana that he was denied the right to teach in Clarksville as a result of activities in Louisville, chief among which was his suit against the Louisville Superintendent of Schools, filed September 23, 1966."

█ We find no obligation on the part of the County Board of Education to employ Miller. He claims that its failure to do so violated his First Amendment rights. We see no issue of free speech here. We find no abuse of discretion on the part of the County Board of Education in refusing to employ a controversial figure who had defied his own Board and abandoned his teaching position in the middle of the school session to accept other employment with a labor union, more to his liking at that time.

The District Court determined the issues from correspondence, records, and an affidavit. We agree that there was no genuine issue of fact, and that the Court properly disposed of the case in summary judgment.

The judgment of the District Court will be affirmed.

Judge CELEBREZZE concurs in the opinion relating to the Louisville School Board, but dissents with respect to the County School Board. He would remand that case with respect to the County School Board for an evidentiary hearing to determine whether employment was denied Miller for constitutionally impermissible reasons.