466 F.2d 577
 Joseph P.LUKAC, Plaintiff-Appellant,
v.
M.E.ACOCKS et al., Defendants-Appellees.
 No. 71-1771.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 2, 1972.
 
 Paul C. Moon, Moon, Moon & Noblitt, Port Clinton, Ohio, for appellant.
 Robert T. Baker, Columbus, Ohio (John C. Burkholder, Columbus, Ohio, Douglas O. Meyer, City Solicitor of Port Clinton, Port Clinton, Ohio, on the brief), for appellees.
 Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Joseph P. Lukac has been a teacher and football coach at the Port Clinton, Ohio, High School for the past twenty years. He is a tenured teacher in the Port Clinton School System, but his teaching contract is not in issue in this case. This controversy grows out of the fact that his limited contract as head football coach was not renewed for the 1971-72 school year. It is not disputed that he was notified of the non-renewal pursuant to Ohio Revised Code Sec. 3319.11.
 
 
 2
 This suit was filed pursuant to 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1983 against the Board of Education and other school officials, claiming a right to be given the reasons for failure to renew his coaching contract and for a hearing.
 
 
 3
 District Judge Nicholas J. Walinski held that although Mr. Lukac has tenure for purposes of teaching, and is continuing to teach in the school system, his status is the same as that of a nontenured teacher with respect to his coaching contract. His coaching contract is a limited one under Ohio law. Ohio Revised Code Sec. 3319.08.
 
 
 4
 We agree with the District Court that the fact that Mr. Lukac has been employed as a football coach does not remove him from his probationary status. We affirm the action of the District Court in dismissing this action on authority of Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, (1972), and Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, June 29, 1972, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767.
 
 
 5
 Mr. Lukac contends that he had a "reasonable expectation" of continued employment as a football coach. This court is of the view that any football coach with twenty years of service, whether high school, college or professional, who believes he has a "reasonable expectation" of continued employment is unrealistic. Further, a subjective expectancy of employment is not protected by procedural due process. It must appear that "the policies and practices of the institution" rise to the level of implied tenure. See Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
 
 
 6
 Affirmed.