**Ralph D. CRABTREE et al., Plaintiffs-Appellants,**

**v.**

**Robert L. BRENNAN et al., Defendants-Appellees.**

**No. 72–1043.**

United States Court of Appeals, Sixth Circuit.

Aug. 10, 1972.

Laurence E. Sturtz, Brownfield, Kosydar, Bowen, Bally & Sturtz, Columbus, Ohio, for plaintiffs-appellants.

James L. Graham, Graham & Dutro, Columbus, Ohio, for defendants-appellees; Joseph A. Oths, Wellston, Ohio, Richard C. Deeg, Columbus, Ohio, on the brief.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Ralph Crabtree, an untenured teacher, was employed by the City Board of Education of Wellston, Ohio, under a limited teaching contract for the school year 1969–70. The Board of Education did not renew his contract for the ensuing school year and Crabtree filed this action under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3), alleging that the non-renewal of his contract was in furtherance of an unlawful conspiracy between school officials and others to deprive him of his livelihood and to force him and his family to leave the community.

District Judge Joseph P. Kinneary granted defendants' motion for summary judgment on the ground that the facts alleged in the verified complaint gave rise to no federal cause of action. Crabtree appeals.

Official conduct under color of law is actionable under 42 U.S.C. § 1983 only where plaintiff is thereby subjected to "the deprivation of any rights, privileges, or immunities secured by the Constitution." The Constitution confers no right to be employed as a secondary school teacher by a particular school system. *See* Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (June 29, 1972); Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (June 29, 1972).

Turning next to liability predicated on allegations of conspiracy, we note that 42 U.S.C. § 1985(3) is limited by its terms to the redress of damages inflicted by conspiracies whose purpose is "depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws." It was not "intended to apply to all tortious conspiratorial interferences with the rights of others . . . [T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. Griffin v. Breckenridge, 403 U.S. 88, 101–102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (footnote omitted).

Grounds for relief under the Civil Rights Act of 1871 have not been shown. Accordingly, the decision of the District Court is affirmed.