**Roosevelt GEORGE, Plaintiff-Appellee,**

v.

**CONNEAUT BOARD OF EDUCATION, CONNEAUT CITY SCHOOL DISTRICT, et al., Defendants-Appellants.**

**No. 71–1884.**

United States Court of Appeals, Sixth Circuit.

Dec. 19, 1972.

Robert T. Baker, Columbus, Ohio, for defendants-appellants; John C. Burkholder, Means, Bichimer & Burkholder, Columbus, Ohio, E. Terry Warren, Warren & Young, Ashtabula, Ohio, Ronald W. Vettel, City Solicitor, Conneaut, Ohio, on briefs.

Alan Kretzer, Youngstown, Ohio, for plaintiff-appellee; Eugene Green, Dennis Haines, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, on brief.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Roosevelt George, a nontenured teacher in the Conneaut school system, was employed for seven consecutive years under a series of one year limited contracts. The Board refused to renew his contract for the 1970–71 academic year. George filed this action under 42 U.S.C. § 1983 alleging that the reason for his not being rehired was his activities in the Conneaut Education Association.

The District Court granted partial summary judgment, directing the reinstatement of George with back pay. We reverse and remand for a hearing on the merits.

■ The District Court held that George was entitled to a statement of the reasons for the nonrenewal of his contract and to a hearing before the Board of Education because he contends that the reason for nonrenewal was his exercise of his First Amendment rights. Although we believe it would be better practice for the Board to give a statement of reasons and afford an opportunity for a hearing in such a situation, we hold that due process does not require such a statement and hearing before the Board. *See* Perry v. Sindermann, 408 U.S. 593, n. 5, 92 S.Ct. 2694, 33 L.Ed.2d 570, and Board of Regents v. Roth, 408 U.S. 564 at 575, n. 14, 92 S.Ct. 2701, 33 L.Ed.2d 548.

However, in Orr v. Trinter, 444 F.2d 128, 134, cert. denied, 408 U.S. 943, 92 S. Ct. 2847, 33 L.Ed.2d 767, rehearing denied, 409 U.S. 898, 93 S.Ct. 95, 34 L.Ed. 2d 157, this court held that a teacher is entitled to relief under 42 U.S.C. § 1983 if a school board refuses to rehire because of the exercise of First Amendment rights.

■ In the present case, the complaint contains the following averments:

"4. During the 1969–1970 school year the plaintiff was an active member of the Conneaut Educational Association's Professional Rights and Responsibilities Committee and was a leading member of the Association's Negotiating Team. By reason of his positions and efforts on behalf of teachers, plaintiff did, on many occasions, express views on behalf of teachers in the assertion of their rights which were often times contrary to views and positions expressed by the Superintendent, the Principal, and As-sistant Principal of Rowe Junior High and the Conneaut Board of Education.

"5. On April 15, 1970, the Board of Education, upon recommendation of the Superintendent refused to renew plaintiff's teaching contract for the oncoming 1970–1971 school year. The defendant, Superintendent's recommendation for nonrenewal of the plaintiff's contract and the Board of Education's decision not to renew said contract were prompted by plaintiff's membership in, and activities on behalf of the local Conneaut Educational Association, which group acts as the negotiating agent for teachers in the Conneaut School System."

The Board denies these averments. The affidavit of the Superintendent of Schools filed in the summary judgment proceedings is as follows:

"Dr. Gail A. Brubaker, being duly sworn says that he is Superintendent of schools in the Conneaut City School District and has personal knowledge of the reasons for the Conneaut Board of Education declining to reemploy Roosevelt George upon the expiration of his limited teaching contract for the 1969–1970 school year.

"Affiant said that the reasons relate solely to Mr. George's job performance and not because of plaintiff's membership in and activities on behalf of the Conneaut Education Association.

/s/ Gail A. Brubaker"

Thus the record presents a genuine issue of material fact as to whether the failure of the Board to renew George's contract was because of his exercise of First Amendment rights. Therefore, this is not a proper case for summary judgment under Rule 56, Fed.R.Civ.P.

The order granting summary judgment is reversed and the case is remanded for a hearing on the merits.