**Michael J. PATRONE, Plaintiff-Appellee,**

v.

**HOWLAND LOCAL SCHOOLS BOARD OF EDUCATION et al., Defendants-Appellants.**

No. 71–1883.

United States Court of Appeals,
Sixth Circuit.

Dec. 19, 1972.

Wilfred C. Varn, Tallahassee, Fla. (court appointed but not under Act), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tampa, Fla., Wallace E. Allbritton, Asst. Atty. Gen., William D. Hopkins, State's Atty., Tallahassee, Fla., for respondent-appellant.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

———————◆———————

Robert T. Baker, Columbus, Ohio, John C. Burkholder, Means, Bichimer & Burkholder Co., Columbus, Ohio, David C. Comstock, Pfau, Comstock & Springer, Youngstown, Ohio, Raymond E. Schryver, Jr., Asst. Pros. Atty., Warren, Ohio, on briefs, for appellants.

Alan Kretzer, Youngstown, Ohio, Eugene Green, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, on brief, for appellee.

Before PHILLIPS, Chief Judge, KENT, Circuit Judge, and CECIL, Senior Circuit Judge.

PHILLIPS, Chief Judge.

Michael J. Patrone, a nontenured school teacher in the Howland, Ohio, district, was employed for eight successive years under a series of one year certificates to teach industrial arts. He is not eligible for tenure under Ohio law because he has never qualified for a regular industrial arts teaching certificate. When his contract was not renewed for the 1970–71 school year, he filed this action under 42 U.S.C. § 1983, complaining that the Board of Education had refused his demands for a statement of the reasons for nonrenewal of his contract and had denied him an opportunity to be heard. Patrone does not assert in his complaint that the action of the Board of Education was caused by the exercise by him of freedom of speech or any other constitutional right. He contends that the due process clause of the Fourteenth Amendment guarantees him a statement of reasons and a hearing before the school board.

The District Court granted partial summary judgment in favor of the teacher and ordered reinstatement with back pay. We reverse.

The order of the District Court was based upon failure of the Board of Education to state a reason for nonrenewal of the contract and to grant a hearing. The District Court said that the recent decision of this court in Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767, rehearing denied, 409 U.S. 898, 93 S.Ct. 95, 34 L.Ed.2d 157, is not controlling "since plaintiff's case rests on constitutional grounds."

The decision of the District Court is based upon a misinterpretation of Orr v. Trinter. Reversal is required not only by the decision of this court in that case, but also by the decision of the Supreme Court in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and by the decisions of this court in Lukac v. Acocks, 6 Cir., 466 F.2d 577 (1972), Harp v. Clemens, 6 Cir., 464 F. 2d 1028 (1972), and Crabtree v. Brennan, 6 Cir., 466 F.2d 480 (1972).

On appeal Patrone argues that he had an expectancy of continuing employment,[1] relying on Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. That case involved a situation where "the policies and practices of the institution" rose to the level of implied tenure. Ohio has a tenure system to protect the rights of career teachers. There are two types of teaching contracts, limited and continuing service. § 3319.08 O.R.C. A teacher with temporary certificate, such as the one possessed by Patrone, may be employed only under a limited contract. § 3319.11 O.R.C.

A teacher with a limited contract is entitled to reemployment unless notified to the contrary. § 3319.11 O.R.C. It is not

———

1. No allegation to this effect is contained in the complaint.

disputed under the record in this case that Patrone was notified in writing in accordance with the statute that the Board did not intend to renew his contract. Furthermore, the Board's affidavits state that Patrone's 1969 certificate was conditioned upon his completing two courses of additional training; that the files of the Division of Certification of the Ohio Department of Education do not show that Patrone has submitted evidence of his completion of the two required courses; and that a fully certified teacher became available and was employed to teach industrial arts in the position formerly held by Patrone. Patrone does not assert that he completed the required courses of additional training, but states by affidavit that he received a temporary certificate for 1970–71. We find nothing in the record in this case that could be construed to establish an expectancy of continued employment as contemplated by Perry v. Sindermann, *supra*.

Reversed and remanded with instructions to dismiss the complaint.