**Monte R. BLAIR, Plaintiff-Appellee,**

v.

**BOARD OF REGENTS OF the STATE UNIVERSITY AND COMMUNTY COLLEGE SYSTEM OF TENNESSEE et al., Defendants-Appellants.**

**No. 73-1984.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1974.

Decided May 3, 1974.

W. Henry Haile, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., on brief, David M. Pack, Atty. Gen., of counsel, for defendants-appellants.

Irvin M. Salky, Elijah Noel, Jr., Ratner, Sugarmon & Lucas, Memphis, Tenn., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CONTIE, District Judge.*

PHILLIPS, Chief Judge.

Monte R. Blair was a non-tenured professor at Memphis State University. His contract was not renewed at the end of his fifth year as a member of the faculty. He filed this action pursuant to 42 U.S.C. § 1983, contending that the method followed by the University in not renewing his contract and in not granting him tenure violated the minimum requirements of the Due Process Clause of the Fourteenth Amendment. The District Court held that appellee had been deprived of the minimum standards of due process and ordered that he be reinstated as a non-tenured professor until he has been afforded a due process hearing as prescribed in the memorandum opinion of that court.

We reverse on authority of Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (1972).

In *Orr* this court recognized that a due process hearing must be accorded to a non-tenured teacher if his contract is not renewed because he had exercised his rights of free speech as guaranteed by the First Amendment; or if the non-renewal is in violation of the Self-Incrimination Clause of the Fifth Amendment, the Due Process Clause of the Fifth or Fourteenth Amendments, or the Equal Protection Clause of the Fourteenth Amendment. All of these we declared to be constitutionally impermissible reasons for refusal to rehire a

* Honorable Leroy J. Contie, Jr., Judge, United States District Court for the Northern District of Ohio, sitting by designation.

teacher. 444 F.2d at 134. In the present case the reason for non-renewal, given in writing to the University's Vice-President for Academic Affairs, by the Chairman of Blair's department, was that "I believe his professional relationships with individual students frequently fail to meet minimum standards."

■ In *Orr* we pointed out that the reason for the probationary period required prior to tenure is to give the school authorities "a chance to evaluate the teacher without making a commitment to rehire him." 444 F.2d at 135. *See also* Hetrick v. Martin, 480 F.2d 705 (6th Cir. 1973); Patrone v. Howland Local Schools Board of Education, 472 F.2d 159 (6th Cir. 1972); George v. Conneaut Board of Education, 472 F.2d 132 (6th Cir. 1972); Lipp v. Board of Education, 470 F.2d 802 (7th Cir. 1972); Lukac v. Acocks, 466 F.2d 577 (6th Cir. 1972); Crabtree v. Brennan, 466 F.2d 480 (6th Cir. 1972); Harp v. Clemens, 464 F.2d 1028 (6th Cir. 1972); Miller v. Board of Education, 452 F.2d 894 (6th Cir. 1971).

■ In the present case the District Court found that "Dr. Blair had no expectancy of continued employment;" that a hearing was conducted before a committee of tenured professors on September 22, 1972; and that the University Committee on Academic Freedom and Responsibility conducted a hearing on February 2, 1973, reaching the conclusion that the procedure followed by the University's Vice-President for Academic Affairs had been proper. It appears that the University followed the procedures suggested by the American Association of University Professors in the "Statement on Procedural Standards in the Renewal or Nonrenewal of Faculty Appointments," A.A.U.P. Bulletin, Summer 1971, which is a part of the record on this appeal.

■ The District Court nevertheless found that, under the rationale of *Roth,* appellee was deprived of a "liberty" interest under the Fourteenth Amendment, in that the non-renewal of his contract, on the charge of failure to meet minimum standards in his professional relationships with individual students, seriously damaged his reputation or imposed on him a stigma that foreclosed his freedom to take advantage of other employment opportunities. We do not construe *Roth* to support this conclusion. It can be argued that the failure of any school system to renew the contract of any teacher on grounds of failure to meet minimum standards in his relationships with students may injure the reputation of the teacher in the academic community. We do not read *Roth* to mean that this situation requires a hearing under the Due Process Clause.

The decision of the District Court is reversed and the case is remanded with directions to dismiss the complaint.