**Robert L. McLAURIN, M.D., Plaintiff,**

v.

**Josef E. FISCHER, et al., Defendants.**

**No. C–1–82–1032.**

United States District Court,
S.D. Ohio, W.D.

Oct. 26, 1983.

---

**2.** As noted above, the Court is bound by these allegations in ruling on the motion.

Robert G. Stachler, Cincinnati, Ohio, for plaintiff.

Robert Pitcairn, Jr., Cincinnati, Ohio, for defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JOSEF E. FISCHER, M.D. (Doc. No. 14)

CARL B. RUBIN, Chief Judge.

This matter is before the Court on a Motion for Summary Judgment by defendant Dr. Josef E. Fischer.[1] This lawsuit is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and 42 U.S.C. § 1983. Several pendent state claims are also involved.

*Facts*

The facts may be briefly summarized. On April 7, 1982, plaintiff was relieved of his duties as Director of the Division of Neurosurgery of the University of Cincinnati College of Medicine by defendant Dr. Fischer.[2] He was not granted a hearing by the University prior to that action. Plaintiff was 60 years old at the time. He was ultimately replaced as Director by a man 46 years of age. Plaintiff did not lose his position as a member of the College of Medicine faculty, nor was his salary reduced. He asserts, however, that, subsequent to his removal as Director, other actions were taken by defendant which deprived him of income and severely limited his ability to function in his professional relationship with the University. Plaintiff's federal claims against defendant involve discrimination on the basis of age in violation of the ADEA and deprivations of liberty and property interests without due process of law in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

1. There are two defendants in this lawsuit, Dr. Fischer and the University of Cincinnati. Unless otherwise noted, the term "defendant," when used below, refers only to Dr. Fischer.

2. The Division of Neurosurgery is a division of the Department of Surgery, of which defendant is Chairman.

Defendant has moved for summary judgment on all claims.[3]

### Jurisdiction

■ In an Order filed August 16, 1983, (Doc. No. 13), the Court dismissed plaintiffs' ADEA claim against the University of Cincinatti for lack of jurisdiction, based on plaintiff's failure to observe the 60-day waiting period of 29 U.S.C. § 626(d) before filing suit. *See Wright v. Tennessee*, 628 F.2d 949 (6th Cir.1980); *Ewald v. Great Atlantic and Pacific Tea Co., Inc.*, 620 F.2d 1183 (6th Cir.), *vacated and remanded*, 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980). Plaintiff subsequently refiled his Complaint against the University in conformity with the statute, and that case has been consolidated with this one.

Defendant now argues that the ADEA claims against him should be similarly dismissed for failure to observe the 60-day hiatus of § 626(d). Although plaintiff's failure to comply with the statute was identical with respect to both defendants, the Court will not require plaintiff once again to refile his lawsuit.

Unlike the University, this defendant did not raise the failure to comply with § 626(d) as a ground for dismissal until after the 60-day period had actually passed.[4] Because the 60-day period had passed by the time the jurisdictional issue was raised by this defendant, and because the policies behind the 60-day requirement were not, as a practical matter, contravened,[5] the Court holds that all jurisdictional requirements have effectively been met. *See Stember v. Borough of Baldwin*, 31 FEP cases 690 (W.D.Pa. March 15, 1983).

### Summary Judgment

■ The summary judgment standard in this Circuit is a stringent one. Federal Rule of Civil Procedure 56(c) permits the Court to grant summary judgment only when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Watkins v. Northwestern Ohio Tractor Pullers*, 630 F.2d 1155, 1158 (6th Cir.1980). The Court may not make findings of disputed facts on a Motion for Summary Judgment. *Watkins, supra*. The movant has the burden of showing conclusively that there exists no genuine issue as to a material fact, and the evidence together with all inferences to be drawn therefrom must be considered in the light most favorable to the party opposing the motion. *Id.* The movant's papers are to be closely scrutinized, while those of the opposing party are to be viewed indulgently. *Id.* The Court will consider this Motion in accordance with the foregoing considerations.

### ADEA Claims

In essence, defendant's argument with respect to plaintiff's ADEA claim is that plaintiff has not produced evidence enough to establish even a *prima facie* case of age discrimination and that, in any case, defendant has come forward with legitimate, non-discriminatory justifications for plaintiff's dismissal as Director which would overcome any such showing. The Court cannot agree.

■ The United States Court of Appeals for the Sixth Circuit has repeatedly noted that the methods of establishing a *prima*

---

**3.** Defendant has recently filed a second Motion for Summary Judgment (Doc. No. 30), to which plaintiff has not had an opportunity to respond and which advances several new arguments. The Court expresses no opinion on the arguments presented in that Motion.

**4.** Plaintiff filed a charge with the Equal Employment Opportunity Commission on October 1, 1982. He filed suit three days later. The University filed its Motion on October 26, 1982. The Motion at issue was filed August 22, 1983.

**5.** The EEOC continued its investigation throughout the 60-day period, apparently without knowledge that a lawsuit had been filed. *See* Plaintiff's Motion for Reconsideration, (Doc. No. 17) at 5 n. 1. Furthermore, the lawsuit itself had not progressed, during that period, beyond the initial filing of pleadings and the briefing of the University's Motion to Dismiss.

*facie* case of age discrimination may vary. *See Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1179 (6th Cir.1983); *Laugesen v. Anaconda*, 510 F.2d 307, 312–13 (6th Cir. 1975). Under any approach, the crucial question is whether age was a determining factor in the employer's decision. *Blackwell, supra*, at 1180. This is essentially a question of fact.

■ As noted above, the Court may not make findings of disputed facts on a Motion for Summary Judgment and must construe all evidence in a light most favorable to plaintiff. Plaintiff has pointed to several instances in which defendant expressed an interest in attracting younger doctors to the College of Medicine faculty. In addition, although by no means controlling, it is undisputed that plaintiff was replaced by a younger man. Plaintiff also alleges that defendant considered several other candidates for the Director's position, all of whom were below the age of the ADEA "protected age group."

Construing the evidence in a light most favorable to plaintiff, the Court finds that disputed questions of fact exist regarding the role played by plaintiff's age in defendant's decision. Summary judgment is, therefore, inappropriate on plaintiff's ADEA claim.

### Due Process Claims Under § 1983

Plaintiff has also asserted a claim under 42 U.S.C. § 1983,[6] alleging a denial of due process of law. Defendant contends that he is entitled to a qualified immunity from suit under § 1983 and that, in any case, plaintiff was deprived of no protected rights when he was removed as Director. These contentions will be considered in reverse order.

■ For due process concepts to apply, there must be both governmental action and the deprivation of a life, liberty or property interest warranting Constitutional protection. *Banks v. Block*, 700 F.2d 292, 295 (6th Cir.1983). For the purposes of this Motion, the Court will accept plaintiff's contention that defendant was acting as an agent of the University, which the Court has held to be an arm of the state. The governmental action requirement is thus met.

■ Defendant argues that plaintiff was deprived of neither a liberty nor property interest which was Constitutionally cognizable. The Court agrees that no protected liberty interest is implicated. In removing plaintiff as Director, defendant made no charge against him that might seriously damage his standing and associations in the community, *see Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972), nor did defendant impose on plaintiff a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities. *Id.* While it may be that plaintiff's removal as Director injured his reputation in the academic community, such an injury does not trigger the protections provided by the Due Process Clause. *Blair v. Board of Regents*, 496 F.2d 322, 324 (6th Cir.1974). The Court holds that plaintiff was deprived of no Constitutionally protected liberty interest when he was removed as Director.

■ The Court is not able to so hold with regard to protected property interests. The Supreme Court has recognized that property interests may take many forms. *Roth, supra*, 408 U.S. at 576, 92 S.Ct. at 2708. However, to have a property interest in a benefit, a person must have more than a unilateral expectation of it. He must, rather, have a legitimate claim of entitlement to it. *Id.*

---

6. Section 1983 provides

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ A person's interest in a benefit is a property interest for due process purposes if there are rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing. *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). *See also Roth, supra*, 408 U.S. at 577, 92 S.Ct. at 2709. A teacher who, like plaintiff, has held a particular position for a number of years, might be able to show from the circumstances of his service, and from other relevant facts, that he had a legitimate claim of entitlement to that position. *See Sindermann, supra*, 408 U.S. at 602, 92 S.Ct. at 2700.

■ Plaintiff has alleged that he was made "permanent" Director of the Division of Neurosurgery in 1955. It is undisputed that he held the Directorship for 28 years. Plaintiff also asserts that no other division head "in the known history of the University" was ever dismissed or relieved against his will. Under these circumstances, in the context of this Motion, the Court holds that plaintiff "must be given an opportunity to prove the legitimacy of his claim of such entitlement in light of 'the policies and practices of the institution.'" *Sindermann, supra*, at 603, 92 S.Ct. at 2700.

A further observation, is, however, warranted. Absent such proof of a legitimate claim of entitlement to the Director's position, it appears that plaintiff was removable at the will of defendant without prior notice or hearing.[7] In particular, the Court notes its agreement with defendant that Article 8 of the AAUP collective bargaining agreement did not apply to plaintiff. Based upon the Affidavits of Elizabeth Sato and Thomas Wagner, and the August 11, 1983, decision of the University Grievance Committee, the Court holds that Article 8 of the AAUP Agreement did not apply to the Director of the Division of Neurosurgery.

Defendant raises one final argument with respect to plaintiff's § 1983 claim. He argues that he is entitled to a qualified immunity from suit under that statute.

■ State officials performing discretionary functions are shielded from liability for civil damages under § 1983 "insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also id.* n. 30. Clearly, a reasonable person would know of the due process protection afforded property interests. However, it does not follow that a reasonable person would be able to identify all safeguarded property interests, particularly those on the periphery of Constitutional protection. The Court has held, *supra*, that plaintiff is entitled to prove that, under the policies and practices of the University, he had a legitimate claim of entitlement to, and therefore a property interest in, his position as Director. As Chairman of the Department of Surgery, defendant would also be aware of the policies and practices of the University. If, in accord with those policies and practices, plaintiff had a property interest in his position as Director, defendant should reasonably have known of that interest and of the due process guarantees attached thereto. In such a case, qualified immunity would be unavailable. *See Harlow, supra*. Because this immunity question turns on factual determinations, summary judgment is precluded. Accordingly, defendant's Motion will be DENIED with respect to plaintiff's due process claims, subject to the Court's holdings that no Constitutionally protected liberty interest is involved here and that Article 8 of the AAUP Agreement does not apply to plaintiff.

### Conclusion

Based on the opinion above, and subject to all holdings therein, the Court holds that

---

**7.** This statement is not to be construed as a holding. It is simply a reflection of the Court's

view of the record as developed to this point.

the Motion for Summary Judgment of Defendant Josef E. Fischer, M.D., (Doc. No. 14), must be, and is hereby, DENIED.

IT IS SO ORDERED.