**Paul J. McKENDRY, Plaintiff,**

v.

**UNION TOWNSHIP, BUTLER COUNTY, OHIO, et al., Defendants.**

Civ. No. C–1–85–1099.

United States District Court, S.D. Ohio, W.D.

Feb. 4, 1986.

Donald Hardin, Cincinnati, Ohio, for plaintiff.

David C. Olson, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on defendants' Fed.R.Civ.P. 12(b)(6) Motions to Dismiss. (Doc. nos. 3, 4) For reasons stated below, the motions are GRANTED.

Defendants have supported their Motions with affidavits and exhibits, and plaintiff has responded in kind. As provided in Fed. R.Civ.P. 12(b), defendants' motions will, therefore, be treated as motions for summary judgment and disposed of under Rule 56.

In ruling on a motion for summary judgment, the narrow question that must be decided is whether there is no genuine issue as to any material fact thereby entitling the moving party to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a summary judgment motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The

moving party "has the burden of showing conclusively that there exists no genuine issue as to a material fact and that the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. denied,* 44 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

When construed in a light most favorable to plaintiff, the facts in this case are as follows. Plaintiff, Paul J. McKendry, was appointed as a volunteer fire fighter for defendant Union Township on May 22, 1979. He successfully completed a 90-day probationary period and served as a volunteer fire fighter until his appointment as a full-time fire fighter on May 16, 1983. (Doc. no 5, affidavit of McKendry) Plaintiff's appointment was made subject to a one-year probationary period. (Doc. no. 4, exhibit A; doc. 6, affidavit of James Detherage) On March 13, 1984, plaintiff was discharged for "less than satisfactory performance during his probationary period." (Doc. no. 4, exhibit B) Plaintiff received no hearing in conjunction with the discharge. As a result, he has brought this suit under 42 U.S.C. § 1983 for deprivation of property without due process of law as guaranteed by the Fourteenth Amendment.

The analysis of a claim for deprivation of property without due process begins with a determination of the nature of the property interest involved. "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) (citations omit-

ted). Plaintiff claims that his property interest in the fire fighter position is created and defined by sections 505.38 and 733.35 to 733.39 of the Ohio Revised Code.

Plaintiff was appointed as a full-time fire fighter for Union Township pursuant to § 505.38(A). Ohio Rev.Code Ann. § 505.-38(A) (Page 1979). That section gives township boards of trustees the power to employ "such fire fighters as it considers best." *Id.*[1] It states further that "[s]uch appointees shall continue in office until removed therefrom" as provided by sections 733.35 to 733.39 of the Revised Code. *Id.* Sections 733.35 to 733.39 set forth permissible grounds for discharging fire fighters and procedures to satisfy their due process rights.

Defendants, Union Township, the township fire chief, and township trustees, claim that plaintiff does not qualify for the procedural protections of sections 733.35 to 733.-39 because he is not an "appointee" as that word is used in section 505.38(A). Defendants argue that the language in section 505.38(A) stating that the trustees "shall provide for the employment of such fire fighters as it considers best" allows them to establish a probationary period for newly appointed fire fighters during which time the fire fighters may be dismissed at will. Only after successful completion of their probationary period do they become "appointees" terminable only in accordance with sections 733.35 through 733.39.

The critical issue in this case, then, is whether section 505.38(A) confers upon township boards of trustees the power to condition "appointment" as a fire fighter upon the successful completion of a one-year probationary period. This question

---

**1.** (A) In each township or fire district which has a fire department, the head of such department shall be a fire chief, appointed by the board of township trustees. The board shall provide for the employment of such fire fighters as it considers best, and shall fix their compensation, provided, no person shall be appointed as a permanent full-time paid member of the fire department of any township, unless such person has received a certificate issued by the state board of education under section 3303.07 of the Revised Code evidencing his satisfactory completion of a fire fighter training program. Such appointees shall continue in office until removed therefrom as provided by sections 733.35 to 733.39 of the Revised Code. To initiate removal proceedings, and for such purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with sections 733.35 to 733.39 of the Revised Code.

\* \* \* \* \* \*

has not been addressed by Ohio courts. The vast majority of Ohio employees are covered by the state's civil service statutes which contain detailed rules for hiring and firing probationary employees. *See* Ohio Rev.Code Ann. § 124.27 (Page 1979). Under these statutes, a probationary employee in the latter part of his probationary period has no legitimate claim of entitlement to his job. *Walton v. Montgomery County Dep't of Welfare*, 69 Ohio St.2d 58, 65, 430 N.E.2d 930 (1982).

Union Township fire fighters are not covered by the civil service statutes, Ohio Rev. Code Ann. § 505.38(B) (Page 1979), and section 505.38(A) makes no mention of probationary employees. Nevertheless, the language of the statute stating that township boards "shall provide for the employment of such fire fighters as it considers best ..." is broad enough to accommodate the imposition of probationary status as a condition of appointment to full-time employment. Successful completion of a probationary period is almost a universal condition of government employment and promotion. The standard federal government probationary period is one year. 5 C.F.R. § 315.801 (1985). For Ohio civil servants it is 60 days to one year. Ohio Rev.Code Ann. § 124.27 (Page 1984). The purpose of this probationary period is to evaluate a career employee's merit and fitness in areas that a competitive examination cannot test. *Walton v. Montgomery County Dep't of Welfare*, 69 Ohio St.2d 58, 59, 430 N.E.2d 930 (1982). Far from being abitrary, as argued by plaintiff, the Union Township Board of Trustees' imposition of a probationary period is a prudent employment practice.

██ This Court holds, therefore, that defendants' requirement that newly hired fire fighters successfully complete a one-year probationary period prior to appointment as permanent, full-time fire fighters is authorized by section 505.38(A). The result of this holding is that plaintiff can state no cause of action under 42 U.S.C. § 1983. Probationary employees commonly have no property right to be accorded

due process protection. *Orr v. Trinter*, 444 F.2d 128, 134–35 (6th Cir.1971); *Walton v. Montgomery County Dep't. of Welfare*, 69 Ohio St.2d 58, 65, 430 N.E.2d 930 (1982). Plaintiff has presented no special circumstances that would make his case different. Without a valid claim for the deprivation for the constitutional right plaintiff cannot succeed under § 1983 as a matter of law. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Therefore, summary judgment is granted in favor of all defendants in this matter.

IT IS SO ORDERED.