PER CURIAM.
Appellants, plaintiffs in the trial court, seek review of an order dismissing their complaint with prejudice for failure to state a claim upon which relief may be granted. We affirm.
The appellants are former guidance counselors in the Dade County school system. They filed a class action pursuant to Rule 1.220, RCP, 30 F.S.A., on behalf of thirty guidance counselors who were demoted by the school board to classroom teachers. The parties agree that the hoard’s decision to reduce the number of guidance counselors, due to a financial crisis in the school district, was necessary. The point of disagreement is that appellants urge that no sensible and rational method was employed for determining which guidance counselors would stay and which would be demoted. The complaint alleged that the return to the classroom represents the embrace of a completely different occupation for the appellants as well as the denial of a $400.00 annual supplement provided to guidance counselors. In addition, appellants have alleged that while guidance counselors are theoretically appointed annually, in practice the appointment is continued throughout the teacher’s career. The complaint charges also that the school board encouraged appellants to spend time and energy in securing master’s degrees and to maintain their professional skills. Therefore, appellants conclude that the school board has adopted a de facto tenure policy for guidance counselors. They further allege that the school board has delegated the responsibility for demoting appellants to individual school principals, and no standards or criteria have been given to the principals for making their selections. The choices, therefore, allegedly have been arbitrary and whimsical, and have resulted in a denial of due process of law. Appellants sought an injunction restraining the school board from demoting them except pursuant to a reasonable, rational policy which is reasonably related to their experience, training and skills. They also sought money damages. The school board moved to dismiss the complaint for failure to state a claim upon which relief may be granted, contending that appellants possess no property right in their appointment as guidance counselors, and that while they have tenure to be teachers, *339 there is no de facto tenure policy in effect for guidance counselors. The trial court granted the motion and entered its order dismissing the complaint with prejudice.
Both parties have relied on companion cases decided by the United States Supreme Court, Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In the latter case, the Supreme Court made reference to what has become known as the de facto tenure doctrine. The court stated:
“In this case, the respondent has alleged the existence of rules and understandings, promulgated and fostered by state officials, that may justify his legitimate claim of entitlement to continued employment absent ‘sufficient cause.’ We disagree with the Court of Appeals insofar as it held that a mere subjective ‘expectancy’ is protected by procedural due process, but we agree that the' respondent must be .given an opportunity to prove the legitimacy of his claim of such entitlement in light of ‘the policies and practices of the institution.’ ” See 408 U.S. at 602, 92 S.Ct. at 2700, 33 L.Ed.2d at 580.
The court in Roth said that in order for the Due Process Clause of the Fourteenth-Amendment to apply in a situation such as is presented in this case, there must be a deprivation of “liberty” or “property”.
We cannot see that appellants’ alleged loss of prestige is sufficient to suggest a deprivation of individual liberty resulting from their demotion. However, appellants’ prncipal claim is that they have suffered a loss of a property right.
The United States Supreme Court in the Roth case noted that in order to claim a property interest in a benefit a person must have more than an abstract need or desire for it or a unilateral expectation of it% The court said property interests “are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law- — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits”. See 408 U.S. at 602, 92 S.Ct. at 2700, 33 L.Ed.2d at 561.
The school board argues that the de fac-to tenure doctrine may not be stretched to cover the situation now before this court, where appellants have only been demoted, rather than dismissed as was the case in Roth and Sindermann. The board cites Lukac v. Acocks, 466 F.2d 577 (6th Cir. 1972), wherein the court denied implied tenure to a football coach of twenty years. His coaching contract was not renewed, but his teaching contract remained unaffected. The court said the plaintiff’s expectation of continued employment was unrealistic because it did not appear that “the policies and practices of the institution” afforded him implied tenure.
In the instant case, the appellants have not alleged that a state statute or a continuing contract provided them with the right to positions as guidance counselors as long as they were employed as school teachers. They allege that they were employed as school teachers but became accustomed to appointment each year as guidance counselors. To be sure, they allege that they do not like the method employed by the school board in determining who should be omitted when there are insufficient funds to make the next year’s designation of teachers to serve as guidance counselors. However, if the teachers do not have a right to a continuing contract as guidance counselors, they may not require the courts to supervise their employer in its selection process. See Board of Regents v. Roth, supra. The appellants, in their attempt to create a right, have alleged: (1) that heretofore it has not been necessary to cut down the number of guidance counselors so that it has been the practice to continue to designate the same qualified personnel; (2) that they have *340 been encouraged to study to maintain their skills. We think that the trial judge correctly determined that these allegations were insufficient to create a right in the plaintiffs to continued designation as teachers with guidance counselor duties.
The school board further suggests that even if the appellants prevail upon their theory that they have de facto tenure, they still may not be heard to complain because of Fla.Stat. § 231.36(3) (e), F.S.A., which provides:
“Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue in his position or in a similar position in the district at the salary schedule authorized by the school board without the necessity for annual nomination or reappointment until such time as the position is discontinued, the person resigns or his contractual status is changed as prescribed below.” (emphasis supplied)
Appellants agree that thirty guidance counselor positions have lawfully been discontinued. They claim a right to a “reasonable, rational policy” in determining whether each of them should be included in the thirty. The above-quoted statute seems to us to negate such a right. Furthermore, even if the courts should create the right now claimed it is difficult to see how judges are better qualified than school administrators to supervise a school system.
We think the trial judge reached a conclusion supported by the law. Employment by the public does not create in itself a right to have one’s employment supervised by the courts. Cf. McDowell v. State of Texas, 465 F.2d 1342 (5th Cir. 1971); Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971).
Affirmed.